IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DANIEL R. COUSINS, :
:
      Plaintiff, :
:
v. : Civ. No. 16-302-LPS
:
REBECCA DUTTON-MCCORMICK, :
et al., :
:
      Defendants, :

---

Daniel R. Cousins, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

Stuart B. Drowos, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

March 11, 2019
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Daniel R. Cousins ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, filed this action alleging constitutional violations pursuant to 42 U.S.C. § 1983. (D.I. 3) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) The Complaint was screened as required under the Prison Litigation Reform Act, and Plaintiff was allowed to proceed on two claims. (*See* D.I. 7, 8) Plaintiff has filed a motion to amend and a motion to compel, opposed by Defendants Rebecca Dutton-McCormick ("Dutton"), C/O Enoch Totimeh ("Totimeh"), and "Lt. Barry Burman" ("Burman") (collectively "Defendants"). (D.I. 23, 34) Defendants have filed a motion to extend the discovery deadline and the dispositive motion deadline, opposed by Plaintiff. (D.I. 44)

## II. BACKGROUND

The Complaint alleges that on the morning of June 25, 2014, Plaintiff went to a law library appointment to conduct legal research and type a manuscript when Dutton, the VCC law librarian, had C/O Totimeh come to the law library and confiscate Plaintiff's manuscript in retaliation for Plaintiff's having challenged Dutton's authority to deny persons their law library privileges. The Complaint alleges that Plaintiff informed Lt. Burman, Totimeh, and Dutton that he intended to file a lawsuit naming them as defendants, whereupon Burman ordered correctional officers to search Plaintiff's cell, confiscate all his research, materials, and writings, and take the material and all of Plaintiff's property to the education building, where Burman separated all of Plaintiff's papers. The Complaint also alleges that Plaintiff was immediately transferred from his minimum housing assignment to a maximum security housing assignment, at the direction of Burman.

1

## III. MOTION TO AMEND

Plaintiff moves to amend to add new defendants and a new claim for a "continued chain of violations." (D.I. 23) Pursuant to Fed. R. Civ. P. 15(a)(2), courts "should freely give leave [to amend] when justice so requires." However, "undue delay, bad faith, dilatory motive, prejudice, [or] futility" could all "justify a denial of leave to amend." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted" under the standard of Federal Rule of Civil Procedure 12(b)(6). *Lejon Twin El v. Marino*, 722 F. App'x 262, 265 (3d Cir. Jan. 8, 2018) (quoting *Shane*, 213 F.3d at 115). In evaluating whether a plaintiff has stated a claim upon which relief could be granted, the court accepts "all factual allegations as true, construes the complaint in the light most favorable to the plaintiff, and determines whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Bronowicz v. Allegheny Cty.*, 804 F.3d 338, 344 (3d Cir. 2015) (internal quotation mark omitted).

Plaintiff was issued a disciplinary report on January 17, 2015, by Amber Hylton ("Hylton"), who confiscated Plaintiff's handwritten manuscript after it was found in the possession of another inmate. (D.I. 23 at 4) Hylton determined the manuscript contained sexually explicit material and violated inmate housing rules. (*Id.*) Plaintiff argued with Hylton and told her he had sued another correctional officer for a similar write-up he received in the law library. (*Id.*) Sgt. Edward Madigan ("Madigan") reviewed the disciplinary report and concluded the "offense would be properly responded to by disciplinary hearing." (*Id.*) Plaintiff appeared at the disciplinary hearing before hearing officer Timothy Radcliffe ("Radcliffe"), pled guilty, and indicated that he did not intend to appeal the matter. (*Id.*)

Plaintiff seeks to add Amber Biddle ("Biddle"),[1] Madigan, Radcliffe, and the Delaware Department of Correction ("DOC") as defendants. He alleges the foregoing individuals violated his First Amendment rights in a continued chain of violations as a result of the January 17, 2015 violation. In addition, he seeks to assert a municipal liability claim against the DOC.

Plaintiff commenced this action on April 25, 2016. At the time, he was well aware of the January 17, 2015 occurrence and the individuals involved, given that he had by then received a disciplinary report, appeared at a disciplinary hearing, and pled guilty to the charges. Nonetheless, Plaintiff did not include the claim in his initial complaint and did not seek to add the allegation until July 3, 2018, some three and one-half years after the occurrence. Plaintiff provides no reasonable explanation for his failure to include the claim. In addition, the June 2014 and January 2015 occurrences are discrete acts that involve individuals different than Defendants and that occurred on a different date under different circumstances.

Defendants argue that Plaintiff's January 2015 claims are time-barred by the applicable two-year statute of limitations, the claim having occurred on January 17, 2015, yet Plaintiff not having filed the claim until July 3, 2018. In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Under Federal Rules of Civil Procedure 15(c), an amended claim may relate back to the original, timely-filed complaint for purposes of compliance with a statute of limitations. *See Singletary v. Pennsylvania Dep't. of Corr.*, 266 F.3d 186, 189 (3d Cir. 2001); *Nelson v. County of Allegheny*, 60 F.3d 1010, 1015 (3d Cir. 1995). Here, however, the record does not support any of the conditions necessary for the successful relation back of an amended complaint to add new parties. *See Singletary*, 266 F.3d at 189. The additional claim did not arise out of the same conduct as the original pleading; the newly named

---

[1] It is not clear if Hylton and Biddle are the same person.

3

party did not receive notice of the institution of the action within 120 days of the complaint, so the new party may be prejudiced in maintaining a defense on the merits; and it is not the case that the newly-named party must have known or should have known within 120 days of the complaint that, but-for a mistake made by the plaintiff concerning the newly-named party's identity, the action would have been brought against the newly-named party in the first place. *See id.*

Plaintiff also seeks to add the DOC under a municipality liability theory. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). As an agency of the State of Delaware, the DOC is entitled to immunity under the Eleventh Amendment and, therefore, the proposed amendment as to the DOC is futile. *See e.g., Evans v. Ford*, 2004 WL 2009362, at *4 (D. Del. Aug. 25, 2004) (dismissing claim against DOC, because DOC is state agency and did not waive Eleventh Amendment immunity).

Finally, in seeking to amend, Plaintiff did not comply with the local rules of this Court. Pursuant to D. Del. LR 15.1(b), a proposed amended pleading shall indicate in what respect it differs from the pleading which it amends, by bracketing or striking through materials to be deleted and underlining materials to be added. Plaintiff did not provide the Court with a proposed amended pleading.

The Court finds amendment is futile for the above reasons. Therefore, the Court will deny Plaintiff's motion to amend. (D.I. 23)

## IV. MOTION TO COMPEL

Plaintiff moves to compel responses to production requests (D.I. 25, 27) served upon Defendants, specifically Request Nos. 2 through 16. The motion will be granted in part and denied

4

in part.

> Pursuant to Fed. R. Civ. P. 26(b)(1),
>
> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

The Court has reviewed the discovery requests, responses, and objections filed by Defendants. The Court notes that, in many instances, while Defendants objected to a request, they also provided documents or responded to the request. (*See* D.I. 33) Upon review, the Court sustains Defendants' objections to Request Nos. 2, 3, 5, 6, 7, 8, 11, 12, 14, 15, and 16.

Request 4 seeks a complete copy of the James T. Vaughn Correctional Center Inmate housing rules as they existed on June 25, 2014. Defendants' objection is overruled and they shall produce this document.

Request 9 seeks the duty roster for VCC compound for June 25, 2014, 8 a.m. to 4 p.m. shift, for the purposes of identifying the rover who escorted Plaintiff's property to the education building and Plaintiff and his property to B-building for segregation. Defendants' objection is overruled except to the extent that responsive documents pose security considerations. If the duty roster is subject to security considerations, then Defendants shall identify the rover, unless they contend that even that limited disclosure would implicate security considerations.

Request 10 seeks the VCC logbook pages for Echo Building for June 25, 2014, 8 a.m. to 4 p.m. shift. Defendants' objection is overruled to the extent the logbook is not subject to security considerations.

Request 13 seeks the full names of correctional officer Davis, described as an African American woman who worked at Echo Building on June 25, 2014; a Caucasian male counselor

5

whose last name is McMann; an African American female corrections lieutenant whose last name is now Tilghman but was previously named Downing; a pair of African American Connections counselors named Katherine and Sharon; a male corrections officer named Brady, who worked for a long time at D-Building's gate; a building counselor named Ms. Odouk; the names of all inmate law library staff from May 2010 until June 25, 2014, as well as those working between September 2015 and October 2016 and their individual employment dates; and a Caucasian Sergeant with the last name McCormick who is or was married to defendant Rebecca Dutton-McCormick. Defendants' objections are sustained in part and overruled in part. To the extent practicable, Defendants shall identify the foregoing individuals for the 2014 calendar year.

## V. DEADLINES

Defendants move to extend discovery deadlines (for the limited purpose of conducting depositions) and dispositive motion deadlines. (D.I. 44) Plaintiff opposes and requests he be allowed to depose Defendants and witnesses. Defendants oppose allowing Plaintiff to conduct depositions. (D.I. 46). Defendants' motion will be granted; Plaintiffs' request will be granted (subject to conditions explained below).

Discovery and dispositive motion deadlines will be extended, and Defendants and Plaintiff may conduct depositions of parties and witnesses. Plaintiff is advised, however, that he bears the burden to pay for all costs associated with the taking of depositions, should he opt to do so. Despite Plaintiff's indigent status, the Court has no authority to finance Plaintiff's discovery expenses. Plaintiff shall produce evidence to the Court of his ability to pay for the discovery costs should he seek to conduct depositions. *See Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991).

## VI. CONCLUSION

For the above reasons, the Court will: (1) deny Plaintiff's motion to amend (D.I. 23); (2) grant in part and deny in part Plaintiff's motion to compel (D.I. 34); and (3) grant Defendants' motion to amend discovery and dispositive motion deadlines (44).

An appropriate Order will be entered.