IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DANIEL R. COUSINS, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 16-302-LPS |
| REBECCA DUTTON-MCCORMICK, et al., | : | |
| Defendants, | : | |

Daniel R. Cousins, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

Stuart B. Drowos, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

March 3, 2020
Wilmington, Delaware

[signature]

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Daniel R. Cousins ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware, filed this action alleging constitutional violations pursuant to 42 U.S.C. § 1983. (D.I. 3) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) The Complaint was screened as required under the Prison Litigation Reform Act, and Plaintiff was allowed to proceed on a First Amendment claim and a retaliation claim. (*See* D.I. 7, 8) Currently pending are numerous motions filed by the parties. (D.I. 50, 52, 64, 65)

## II. BACKGROUND

The Complaint alleges that on the morning of June 25, 2014, Plaintiff went to a law library appointment to conduct legal research and type on his fictional manuscript when Defendant Rebecca Dutton-McCormick ("Dutton"), the JTVCC law librarian, had Defendant C/O Enoch Totimeh ("Totimeh") come to the law library and confiscate Plaintiff's manuscript in retaliation for Plaintiff's challenging Dutton's authority with her superiors in relation to Dutton denying persons their law library privileges. The Complaint alleges that Plaintiff informed Defendants Lt. Barry Burman ("Burman"), Totimeh, and Dutton that he intended to file a lawsuit naming them as defendants, whereupon Burman ordered correctional officers to search Plaintiff's cell, confiscate all his research, materials, and writings, and take the material and all of Plaintiff's property to the education building, where Burman separated all of Plaintiff's papers. The Complaint further alleges that Plaintiff was immediately transferred from his minimum housing assignment to a maximum security housing assignment at the direction of Burman.

On November 28, 2016, the Court entered an order that denied Plaintiff's motion for injunctive relief and noted that Plaintiff had clarified in a filing (*see* D.I. 12) that he was not seeking law library access but, instead, sought the release of 2010 transcripts and a copy of a polygraph

1

report (D.I. 13). The Order indicated that Plaintiff's request was more appropriate as a discovery request and that it was premature given that Defendants has not yet answered or otherwise appeared. (*Id.*) On March 11, 2019, the Court entered an Order that denied Plaintiff's motion for leave to amend, and granted in part and denied in part Plaintiff's motion to compel. (*See* D.I. 48, 49) Deadlines for discovery and case dispositive motions have expired. (*See* D.I. 58)

Plaintiff has filed a motion for reconsideration of the March 11, 2019 Order and a motion to compel. (D.I. 50, 52) Defendants have filed a motion for an order to deem admitted their first set of requests for admissions directed to Plaintiff and a motion to stay proceedings during the pendency of discovery motions or, in the alternative, to extend discovery and case dispositive motion deadlines. (D.I. 64, 65)

### III. MOTION FOR RECONSIDERATION

Plaintiff moves for reconsideration of that portion of the March 11, 2019 Order that denied his motion for leave to amend. (D.I. 50) He also asks for clarification of the November 28, 2016 Order that indicated his request for discovery was premature at the time. (*Id.*)

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

With regard to reconsideration of the Order denying Plaintiff's motion for leave to amend (*see* D.I. 49), the Court has again reviewed the filings, the parties' positions, and the applicable law. The motion for reconsideration fails on the merits because Plaintiff has not set forth any intervening

2

changes in the controlling law; new evidence; or clear errors of law or fact made by the Court in denying Plaintiff's motion for leave to amend. *See Max's Seafood Café*, 176 F.3d at 677.

With regard to clarification as to the prematurity of discovery, the record demonstrates that Plaintiff is an adept *pro se* litigant and his filings indicate that he is familiar with the Federal Rules of Civil Procedure. He is to follow those rules in seeking discovery. In turn, Defendants will also abide by the Federal Rules of Civil Procedure in providing or objecting to discovery requests. The Court declines Plaintiff's request for an order to declare Plaintiff be given evidence related to his criminal prosecution.

Plaintiff has failed to demonstrate any of the necessary grounds to warrant a reconsideration. For these reasons, the motion for reconsideration will be denied. (D.I. 50)

## IV. MOTION TO COMPEL

On March 11, 2019, the Court granted in part Plaintiff's motion to compel and ordered Defendants to respond to Plaintiff's Request for Production of Documents Nos. 4, 9, 10, and 13. (*See* D.I. 48) Plaintiff is not satisfied with the responses and moves to compel complete responses to Requests Nos. 4, 9, 10, and 13; he also reasserts Request No. 8 seeking "a full and accurate copy" of his medical and mental health records from January 1, 2009 through December 31, 2014. (D.I. 52) Defendants oppose.

Pursuant to Fed. R. Civ. P. 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

3

As mentioned, Plaintiff again seeks his medical and mental health records as set forth in Request No. 8. The March 11, 2019 memorandum opinion and order sustained Defendants' objection as to this request, and there is no basis to change this ruling. (D.I. 48 at 6) In addition, the Court has reviewed Defendants' responses to Request Nos. 4, 9, 10, and 13 and finds that Defendants have adequately responded to Request Nos. 4, 10, and 13. Request No. 9 requires further discussion.

Request No. 9 seeks the duty roster for JTVCC compound for June 25, 2014, for the 8 a.m. to 4 p.m. shift, for the purpose of identifying the rover who escorted Plaintiff's property to the education building and who escorted Plaintiff and his property to B-building for segregation. Defendants were ordered to provide the duty roster to the extent that it did not implicate security considerations and to identify the rover, if possible. Defendants filed a supplemental response stating that they exercised due diligence but could not locate the duty roster and have not been able to identify the rover. (D.I. 51 at 2-3) In their opposition to the motion to compel, Defendants state that the request requires a search of all rosters for entire JTVV and that such a search is not proportional to the needs of this case.

The Court is persuaded that, to the extent practicable, Defendants should be required to conduct an additional search for the duty roster for the time-frame in question for the discrete area referred to in Request No. 9 as it pertains to the allegations in the complaint; that is, where Plaintiff was housed and where his items were located. The Court's reading of the Complaint and the Request No. 9 does not implicate the entire JTVCC compound.

For these reasons, Plaintiff's motion to compel will be granted in part and denied in part. (D.I. 52)

## V. REQUESTS FOR ADMISSIONS

Defendants served requests for admissions upon Plaintiff. According to the Court docket, the requests were served on Plaintiff on January 10, 2019. (*See* D.I. 39) Plaintiff filed responses on February 11, 2019, which Defendants characterize as minimal, vague, and insufficient. (*See* D.I. 42) Defendants had intended to question Plaintiff about the responses when Plaintiff was deposed on June 27, 2019, but they were unable to due to a security issue that arose at the prison.

The Court declines to enter an order deeming the requests admitted. The Court agrees there are "problems" with Plaintiff's responses. But the matter will remedied in the following fashion. Neither the January 10, 2019 Requests for Admissions nor the February 11, 2019 Responses will be considered by the Court. As will be discussed below, all deadlines will be extended. Should Defendants deem it appropriate, they may serve a "new" set of requests for admissions upon Plaintiff. If "new" requests are served upon Plaintiff, he is instructed that he must respond to the requests in an appropriate manner, as required by the Federal Rules of Civil Procedure. In addition, Defendants will be given leave to redepose Plaintiff should they find it necessary to do so after reviewing Plaintiff's responses to the "new" requests for admissions.

Defendants' motion will be denied as moot based upon the foregoing discussion. (D.I. 64)

## VI. DEADLINES

Defendants move to stay the proceedings during the pendency of discovery motions or, in the alternative, to extend discovery deadlines and dispositive motion deadlines. (D.I. 65) The Court declines to stay the matter and will grant Defendants' motion to extend deadlines.

## VII. CONCLUSION

For the above reasons, the Court will: (1) deny Plaintiff's motion for reconsideration (D.I. 50); (2) grant in part and deny in part Plaintiff's motion to compel (D.I. 52); (3) deny as moot Defendant's motion to determine the sufficiency or deem admitted responses to requests for

5

admissions (D.I. 64); and (4) grant Defendants' motion to amend discovery and dispositive motion deadlines (D.I. 65). An appropriate Order will be entered.